**DAVID A. PECK, ESQ.**
State Bar No. 171854
**COAST LAW GROUP, LLP**
1140 South Coast Hwy 101
Encinitas, CA 92024
Tel.: (760) 942-8505
Email: DPeck@CoastLawGroup.com

Attorneys for Plaintiff
KEEP A BREAST FOUNDATION

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KEEP A BREAST FOUNDATION, A NON-PROFIT CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>THE SEVEN GROUP, AN ENTITY OF FORM UNKNOWN and ADAM SHRYOCK, AN INDIVIDUAL and DOES 1 - 25,<br><br>Defendants. | Case No.: '11CV0570 BEN WMc<br><br>**COMPLAINT; DEMAND FOR JURY TRIAL**<br><br>Judge:<br>Dept.: |

Plaintiff Keep a Breast Foundation alleges as follows:

**INTRODUCTION**

1. Plaintiff Keep a Breast Foundation ("Plaintiff") is a California nonprofit corporation that owns registered trademarks for the KEEP A BREAST® word mark and the HEART & BREASTS ® design. Plaintiff also is the owner of several trademark applications for the word marks I LOVE BOOBIES and the design I (HEART) BOOBIES!.

2. This is an action in law and in equity for trademark infringement, dilution, injury to business reputation, unfair competition, and deceptive trade practices arising under the Trademark Act of 1946, 15 U.S.C. §§1051 *et seq*. (1994) ("Lanham Act"); the California anti-dilution statute, Business and Professions Code §§ 14247 *et seq*.; the California

unfair business practices statute, Business and Professions Code §§ 17200 *et seq*., and the common law.

3. Defendants have offered for sale, continue to offer for sale, and sell apparel products and accessories that bear confusingly similar imitations of the Plaintiff's registered HEART & BREASTS ® design trademark, the I LOVE BOOBIES! trademark applications, and I (HEART) BOOBIES design trademark applications. Because Plaintiff's registered KEEP A BREAST® Trademark is prominently displayed with its I LOVE BOOBIES! logo and its I (HEART) BOOBIES logo, the Defendants' conduct has infringed and diluted, and continues to infringe and dilute, the KEEP A BREAST® Trademark. Defendants' products are not manufactured by, or under license by, Plaintiff. Defendants are not connected or affiliated with, or authorized by, Plaintiff in any way. Defendants' merchandise is likely to cause confusion and to deceive consumers and the public regarding its source and dilutes and tarnishes the distinctive quality of Plaintiff's trademarks and trade dress.

4. The goodwill and reputation for quality associated with the KEEP A BREAST® trademark, the HEART & BREASTS® trademark, and the I LOVE BOOBIES! and I (HEART) BOOBIES logos pending registration (collectively hereinafter referred to as "KAB Trademarks") are being threatened by Defendants' actions. Defendants have used, and continue to use, confusingly similar and identical marks (the "Infringing Marks") to the KAB Trademarks, to sell competing goods to many of the same consumers served by Plaintiff. Unless Defendants are enjoined from using the Infringing Marks, such use will cause consumer confusion and will cause irreparable harm to Plaintiff.

5. Furthermore, in addition to adopting confusingly similar trademarks, the Defendants have adopted the overall look and feel of products being sold bearing KAB Trademarks. This is, upon information and belief, being done to confuse the consuming public into believing that the products being marketed and/or sold by the Defendants are actually associated with the KAB Trademarks and/or with the Plaintiff.

6. This action seeks injunctive relief, damages, the imposition of a constructive trust and other appropriate relief arising from Defendants' willful and wrongful acts of trademark infringement, trademark dilution, trade dress infringement, and unfair competition, among other claims.

**PARTIES**

7. Plaintiff is, and at all relevant times was, a non-profit corporation organized and existing under the law of California with its principal place of business in Carlsbad, California. Plaintiff is the owner of KAB Trademarks for use in connection with apparel products, accessories, and education services, among other products and services.

8. On information and belief, Defendant Adam Shryock ("Shryock") is an individual residing and conducting business in San Francisco, California.

9. On information and belief, Defendant Seven Group ("Seven Group") is an entity of unknown form, with its principal place of business at 333 1st Street, 2nd Floor, San Francisco, California 94105.

10. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendant Does 1 through 25 inclusive ("DOES"), are at this time unknown to Plaintiff, who therefore identifies such Defendants by said fictitious names. Plaintiff is informed and believes and thereon alleges that said fictitiously named Defendants, and each of them, are responsible for the events and happenings herein referred to, and negligently, recklessly, and/or intentionally proximately caused the injuries and damages alleged herein to Plaintiff.

11. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto that when referred to in the collective sense "Defendants," that each Defendant was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship, and/or employment. Plaintiff is informed and believes and thereon alleges that at all relevant times each Defendant actively participated in or subsequently ratified or adopted, or both, each and all of the acts or conduct alleged,

with full knowledge of all the facts and circumstances including, but not limited to, full knowledge of each and all of the violations of Plaintiff's rights and the damages to Plaintiff caused thereby.

## JURISDICTION

12. This action arises under the Lanham Act, 15 U.S.C. §§ 1051, *et seq*.

13. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121(a); and 28 U.S.C. §§ 1331, 1338(a), and 1367(a).

14. Personal jurisdiction over the Defendants is based on the Defendants being found in the State of California, transacting business in this jurisdiction, and/or intentionally infringing the Plaintiff's rights, thereby causing foreseeable injury, in this jurisdiction.

15. Plaintiff's causes of action against Defendants arise directly out of Defendants' intentional infringement and commercial activities in the Southern District of California.

## VENUE

16. Venue is proper in this court under 28 U.S.C. § 1391(b) because the wrongful conduct complained of herein occurred within this judicial district in that Defendants purposefully engaged in and directed activities at this forum, including willfully infringing Plaintiff's trademark and trade dress with knowledge that Plaintiff's principal place of business is in Southern California.

17. Defendants manufacture, market, advertise, sell, and ship competitive products to consumers and businesses in the Southern District of California.

## FACTUAL BACKGROUND

18. Plaintiff is the owner of the KEEP A BREAST® Trademark (Reg. No. 3148275); the HEART & BREASTS® design Trademark (Reg. No. 3870574); three federal trademark applications for the HEART & BREASTS design; two federal trademark applications for the I LOVE BOOBIES word mark; and several federal trademark applications for various designs of I (HEART) BOOBIES (collectively referred to as "KAB Trademarks"). Exhibit A is as detailed summary of the KAB Trademarks.

/ / /

19. The United States Patent and Trademark Office ("USPTO") registered the KEEP A BREAST® Trademark on September 26, 2006 for use with "educational services, namely, conducting seminars, art exhibitions, and workshops in the field of breast cancer awareness, causes, research and treatment; and entertainment services namely, live musical performances by a musical band." A true and correct copy of the Certificate of Registration for the KEEP A BREAST® trademark is attached hereto as Exhibit B.

20. The USPTO registered the HEART & BREASTS® Trademark on November 2, 2010 for use with "educational services, namely, conducting seminars, art exhibitions, and workshops in the field of breast cancer awareness, causes, research and treatment; and entertainment services, namely, live musical performances to promote breast cancer awareness, causes, research and treatment." A true and correct copy of the Certificate of Registration for the HEART & BREASTS®   trademark is attached hereto as Exhibit C.

21. The USPTO has recently issued notices of allowance ("NOA's") for several of Plaintiff's I (HEART) BOOBIES! and HEART & BREASTS applications. Being the final phase in the registration process, once the Plaintiff supplies the USPTO with formal statements affirming use in commerce, the applications will mature to registration. The NOA's are attached hereto as Exhibit D.

22. Goods bearing the KAB Trademarks are sold at retail locations throughout the United States as well as through Plaintiff's web site. Advertisements displaying KAB Trademarks have appeared on popular television and cable channels, in popular national newspapers and magazines, and in a wide variety of alternative forms of media including without limitation websites, blogs, and social networking platforms.

23. Notwithstanding Plaintiff's established rights both in the registered and pending KAB Trademarks, Defendants have adopted and used the confusingly similar Infringing Marks.

/ / /

24. On information and belief, Plaintiff hereon alleges that at least prior to September 23, 2010, Defendants were promoting, advertising, offering for sale and selling t-shirts bearing the slogan, "I (HEART) BOOBIES." Also, prior to September 23, 2010, Defendants were promoting, advertising, offering for sale and selling bracelets bearing the imprint "I LOVE BOOBIES." Each of these products was promoted on the Seven Group web site. Each of these products was offered for sale and sold at or near sporting events, including at football tailgate parties.

25. On information and belief, Plaintiff hereon alleges that at least prior to September 25, 2010, Defendants were promoting and advertising its goods and services using "I LOVE BOOBIES" and "I (HEART) BOOBIES" as slogans and logos. Under the "services" section of the Defendants' web site, Defendants claimed "We are combining our passion for football with a very important cause. Breast Cancer Awareness. Our goal is to raise $100,000 for various organizations and private groups that fight the battle against breast cancer every day, through the [sale] of our t-shirts and bracelets at over 75 games during the 2010 season. Look for our beautiful promotional models at a game near you or contact our office to purchase your products today." This portion of Defendants' web site was then followed by "Event Photos" depicting Defendants' models wearing I (HEART) BOOBIES t-shirts not manufactured or licensed or otherwise authorized by Plaintiff.

26. At least prior to October 28, 2010, Defendants received correspondence from Plaintiff's legal representative demanding Defendants cease and desist use of the Infringing Marks and from other infringing conduct.

27. On October 28, 2010, Defendants replied to the cease and desist demand, disagreeing with the claim of infringement. Moreover, Defendants stated "Over the past few weeks we have considered switching from the current 'I Heart Boobies' slogan to something different due to the extremely poor reputation that Keep A Breast has nationwide. Our reps spend half their time convincing customers that we are in no way affiliated with

/ / /

that organization so it would appear that now would be a good time to make that switch."

28. On November 3, 2010 Plaintiff's legal representative replied to Defendants via e-mail and U.S. Mail. This correspondence provided guidance to Defendants by outlining cease and desist measures that would be acceptable to Plaintiff.

29. In an e-mail to Plaintiff's legal representative dated November 8, 2010, Defendants stated in part, "We will not be printing any more I Love Boobies t-shirts because of reasons stated in my prior email. We will also remove all postings on our website and let any reps with product know about the change as well."

30. In an e-mail to Plaintiff dated November 8, 2010, Defendants stated "We have moved to a new logo and I am in the process of having the photos removed from our website."

31. Despite Defendants' commitments to cease selling infringing merchandise, Plaintiffs were contacted via e-mail on November 30, 2010 by a representative from Zumiez, a national retail apparel chain. This e-mail identified Defendants' infringing merchandise on sale in the West Ridge Mall in Topeka, Kansas. The existence of the infringing merchandise at the West Ridge Mall caused actual confusion, resulting in the Zumiez representative contacting the Plaintiff to inform it of Defendants' activities.

32. Plaintiff's legal representative again demanded that Defendants cease and desist all infringing conduct. In an e-mail response dated January 14, 2011, Defendants represented that they had removed all their infringing products from the West Ridge Mall in Topeka.

33. On information and belief, Plaintiff thereon alleges that despite Defendants' repeated commitments to cease the sale of any infringing products, Defendants advertised and sold infringing merchandise at a Los Angeles, California, bar on approximately February 10, 2011.

34. On information and belief, Plaintiff thereon alleges that despite Defendants' repeated commitments to cease the sale of any infringing products, Defendants advertised and sold infringing merchandise at Big Wangs Sports Bar in Hollywood, California, on

approximately March 4, 2011. Defendants' salespersons represented to the bar's management that they were associated with the Susan G. Komen Foundation. After Defendants' salespersons were permitted to set up a merchandise display, they began to solicit "donations" from the bar's patrons in exchange for t-shirts, bracelets, and koozies bearing the I (HEART) BOOBIES and I LOVE BOOBIES slogans. After growing suspicious of the Defendants' activities, a bartender went online and investigated Defendants' organization in the office of the sports bar. Upon learning that Defendants' representatives had misrepresented Defendants' association with the Susan G. Komen Foundation, the bar's management requested that the representatives leave the premises. These activities and sales caused actual confusion resulting in the bar's management alerting Plaintiff of Defendants' activities.

35. On information and belief, Plaintiff thereon alleges that despite Defendants' repeated commitments to cease their illegal activities, Defendants sought to sell infringing merchandise at a bar in San Marcos, California, shortly prior March 7, 2011.

36. On information and belief, Plaintiff thereon alleges that despite Defendants' repeated commitments to cease the sale of any of infringing products, Defendants advertised and sold infringing merchandise on approximately March 11, 2011 at a bar called 540 Club in San Francisco, California. These sales caused actual confusion resulting in consumers alerting Plaintiff of Defendants' activities.

37. On information and belief, Plaintiff thereon alleges that Defendants provide their sales representatives with a script for selling their infringing products. The script directs salespersons to represent that Defendants partner with various breast cancer foundations and that the Defendants' goal is to raise $100,000 throughout the football season. The script specifically instructs the salespersons to never discuss what portion of the sale proceeds to go breast cancer foundations. Should customers request literature about Defendants' organization, the script instructs salespersons to direct customers to the Defendants' web site. The script further instructs Defendants' models-salespersons to only pose with customers for photographs if the customers purchase

the infringing merchandise. The script falsely and deceptively instructs salespersons to represent that most of the Defendants' money goes to the "Breast Cancer Society." In order to eliminate a paper trail, the script prohibits salespersons from accepting checks. Instead, the Defendants require that all transactions be cash only.

38. On information and belief, Plaintiff thereon alleges that Defendants had, and continue to have, hundreds of teams of sales representatives nationwide selling products bearing the Infringing Marks.

39. On information and belief, Plaintiff thereon alleges that all of the proceeds of sales transacted by Defendants are deposited directly into the personal bank account of Defendant Shryock.

**FIRST CAUSE OF ACTION**

**FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)**

**AS AGAINST ALL DEFENDANTS**

40. Plaintiff re-alleges the paragraphs set forth above and incorporates them here by reference.

41. Plaintiff is the owner of the KAB Trademarks.

42. Plaintiff's KAB Trademarks have, through continuous and substantial use throughout the United States and elsewhere, become synonymous and associated with the KEEP A BREAST brand and Plaintiff. Those unregistered KAB Trademarks, including, but not limited to, I (HEART) BOOBIES! and I LOVE BOOBIES have developed secondary meaning over time, are valuable, and are the source of substantial goodwill in the marketplace.

43. Plaintiff's KAB Trademarks have become, through widespread and favorable public acceptance and recognition, an asset of substantial value as a symbol of goods bearing the KEEP A BREAST® trademark, quality products, and the trademark owner's goodwill. The consuming public recognizes the KAB Trademarks and associates them with Plaintiff.

/ / /

44. The registered KAB Trademarks are valid and inherently distinctive and have developed secondary meaning as applied to goods and services that bear the said marks.

45. The unregistered KAB Trademarks are inherently distinctive, have developed secondary meaning and will likely mature to valid registrations as applied to goods and services that bear the said marks.

46. Notwithstanding the Plaintiff's established rights in the KAB Trademarks, on information and belief, in 2010 Defendants adopted and used the confusingly similar Infringing Marks—namely I LOVE BOOBIES and I (HEART) BOOBIES—in interstate commerce in connection with the sale and offering for sale of clothing and accessories together with marks confusingly similar to those owned by Plaintiff.

47. Plaintiff's use of the KAB Trademarks has priority of use over the Defendants' use of the Infringing Marks.

48. Defendants sell apparel and accessories to the same demographic to which Plaintiff sells apparel bearing the KAB Trademarks.

49. Without consent, Defendants have used the Infringing Marks, together with marks identical and confusingly similar to KAB Trademarks, in connection with the sale, offering for sale, distribution or advertising of its goods.

50. Defendants have engaged in their infringing activity despite having constructive notice of federal registration rights under 15 U.S.C. § 1072 and, upon information and belief, despite having actual knowledge of the Plaintiff's Trademarks.

51. Defendants' actions have likely led and are likely to lead the public to conclude, incorrectly, that its goods originate with or are authorized by Plaintiff, which will damage Plaintiff and the public.

52. Upon information and belief, Defendants have advertised and offered its goods for sale using the Infringing Marks with the intention of misleading, deceiving, or confusing consumers as to the origin of its goods and of trading on the Plaintiff's reputation and goodwill.

53. Plaintiff has expressly and repeatedly requested that Defendants cease and desist from the infringing conduct but Defendants have failed to comply.

54. Defendants' unauthorized use of the Infringing Marks in interstate commerce as described above constitutes trademark infringement under 15 U.S.C. § 1114(a) and is likely to cause consumer confusion, mistake, or deception.

55. As a direct and proximate result of Defendants' trademark infringement, Plaintiff has suffered, and will continue to suffer, loss of income, revenues, and goodwill. Furthermore, Defendants have unfairly acquired, and will continue to unfairly acquire, income, profits, and goodwill.

56. Defendants' acts of infringement will cause further irreparable injury to Plaintiff if Defendants are not restrained by this Court from further violation of Plaintiff's rights. Plaintiff has no adequate remedy at law.

**SECOND CAUSE OF ACTION**

**FEDERAL TRADE DRESS INFRINGEMENT (15 U.S.C. 1125(a))**

**AS AGAINST ALL DEFENDANTS**

57. Plaintiff re-alleges the paragraphs set forth above and incorporates them here by reference.

58. Plaintiff has used its KAB Trademarks to create distinctive trade dress which has been used by the Plaintiff for its apparel and accessories in interstate commerce continuously since 2008. Plaintiff has invested substantial time, effort, and financial resources promoting its trade dress in connection with the marketing and sale of its clothing products in interstate commerce.

59. The trade dress is nonfunctional and inherently distinctive.

60. The trade dress also has secondary meaning in the marketplace in that consumers associate that trade dress with a single source of origin. Consumers are likely to make that same association when the trade dress is used in connection with another manufacturer's product.

/ / /

61. Defendants manufacture, distribute, advertise, offer for sale, and/or sell apparel product and accessories with a trade dress that is identical or substantially similar to the Plaintiff's trade dress. Defendants' use of the distinctive trade dress is unauthorized. On information and belief, Defendants have manufactured, distributed, advertised, sold, and/or offered goods for sale using the distinctive trade dress with the intention of misleading, deceiving, or confusing consumers as to the origin of its goods and of trading on Plaintiff's reputation and goodwill.

62. The Defendants' manufacturing, advertising, distribution, selling and/or offering to sell infringing products that have a trade dress identical to, copied from, and confusingly similar to Plaintiff's trade dress is likely to cause confusion on the part of purchasers and potential purchasers in violation of Lanham Act Section 43(a), 15 U.S.C. § 1125(a).

63. Defendants' unauthorized use of the trade dress in interstate commerce as described above constitutes direct and/or contributory trade dress infringement under 15 U.S.C. § 1125(a).

64. As a direct and proximate result of Defendants' trade dress infringement, Plaintiff has suffered and will continue to suffer loss of income, profits, and goodwill meanwhile Defendants have acquired and will continue to unfairly acquire income, profits, and goodwill.

65. Defendants' acts of trade dress infringement will cause further irreparable injury to Plaintiff if they are not restrained by this Court from further violation of Plaintiff's rights. There is no adequate remedy at law.

**THIRD CAUSE OF ACTION**

**FEDERAL TRADEMARK DILUTION (15 U.S.C § 1125(c))**

66. Plaintiff re-alleges the paragraphs set forth above and incorporates them here by reference.

67. As its third ground for relief, Plaintiff hereby alleges that Defendants have violated Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

/ / /

68. Plaintiff's KAB Trademarks have become distinctive and famous as a result of many years of nationwide use and promotion by Plaintiff.

69. Defendants' first use of their I LOVE BOOBIES and I (HEART) BOOBIES marks in interstate commerce occurred many years after Plaintiff's HEART & BREASTS®, I LOVE BOOBIES and I (HEART) BOOBIES! marks had become famous.

70. Defendants' unauthorized use of I LOVE BOOBIES and I (HEART) BOOBIES in interstate commerce in the sale, advertising and promotion of its goods dilutes the distinctiveness, strength and value of Plaintiff's I LOVE BOOBIES, I (HEART) BOOBIES!, and HEART & BREASTS® marks.

71. Defendants' unauthorized use of I LOVE BOOBIES and I (HEART) BOOBIES marks, as alleged herein, with knowledge of Plaintiff's famous I LOVE BOOBIES, I (HEART) BOOBIES!, and HEART & BREASTS® mark constitutes willful intent to cause dilution of the famous marks in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

72. Without injunctive relief, Plaintiff has no means by which to control the continuing dilution of its trademarks' distinctiveness. Plaintiff has been and will continue to suffer irreparable injury for which no adequate remedy exists at law.

## FOURTH CAUSE OF ACTION

## UNFAIR COMPETITION UNDER THE LANHAM ACT (15 U.S.C. § 1125(a))

## AS AGAINST ALL DEFENDANTS

73. Plaintiff re-alleges the paragraphs set forth above and incorporates them here by reference.

74. Defendants' unauthorized marketing and sale of products in interstate commerce using the Infringing Marks and marks confusingly similar to the KAB Trademarks, together with other product design elements, constitutes a use of a false designation of origin or false representation that wrongfully and falsely designates Defendants' products as originating from or connected with Plaintiff, and constitutes the use of false descriptions or representations in interstate commerce.

75. Defendants' actions constitute federal unfair competition and violate 15 U.S.C. § 1125(a).

76. As a direct and proximate result of Defendants' unfair competition, Plaintiff has suffered and will continue to suffer loss of income, profits, and goodwill meanwhile Defendants have and will continue to unfairly acquire income, profits, and goodwill.

77. Defendants' acts of unfair competition will cause further irreparable injury to Plaintiff if Defendants are not restrained by this Court from further violation of Plaintiff's rights. Plaintiff has no adequate remedy at law.

## FIFTH CAUSE OF ACTION

## TRADEMARK DILUTION UNDER CALIFORNIA LAW

78. Plaintiff re-alleges the paragraphs set forth above and incorporates them here by reference.

79. Plaintiff hereby alleges Defendants have violated California's anti-dilution law under California Business & Professions Code §§ 14247 *et seq*.

80. Plaintiff's KAB Trademarks have become distinctive and famous as a result of many years of continuous and widespread use in California as a designation of the source of Plaintiff's goods and services. Association arising from the similarity between Defendants' Infringing Marks and Plaintiff's famous KAB Trademarks is likely to impair the distinctiveness and harm the reputation of the KAB Trademarks.

81. Defendants' first use of their I LOVE BOOBIES and I (HEART) BOOBIES marks in California occurred many years after Plaintiff's HEART & BREASTS®, I LOVE BOOBIES and I (HEART) BOOBIES! had become famous in California.

82. Defendants' unauthorized use of I LOVE BOOBIES and I (HEART) BOOBIES in California in the sale, advertising, and promotion of their goods dilutes the distinctiveness, strength and value of Plaintiff's I LOVE BOOBIES, I (HEART) BOOBIES!, and HEART & BREASTS® marks.

83. Defendants' unauthorized use of I LOVE BOOBIES and I (HEART) BOOBIES marks, as alleged herein, with knowledge of Plaintiff's famous I LOVE BOOBIES, I (HEART)

BOOBIES!, and HEART & BREASTS® mark constitutes willful intent to cause dilution of the famous marks in violation of California Business and Professions Code §§ 14247 *et seq*.

84. Without injunctive relief, Plaintiff has no means by which to control the continuing dilution of its trademarks' distinctiveness. Plaintiff has been and will continue to suffer irreparable injury for which no adequate remedy exists at law.

**SIXTH CAUSE OF ACTION**

**CALIFORNIA UNFAIR COMPETITION VIOLATIONS**

**AS AGAINST ALL DEFENDANTS**

85. Plaintiff re-alleges the paragraphs set forth above and incorporates them here by reference.

86. Upon information and belief, Plaintiffs allege that the wrongful acts of the Defendants and each of them constitute unfair competition under state law, including without limitation, California Business & Professions Code §§ 17200 *et seq*.

87. Upon information and belief, Plaintiff alleges that Defendants' intentional acts of trademark and trade dress infringement are unlawful, deceptive, and/or unfair business acts and/or practices that constitute unfair competition under California state law.

88. Defendants' acts are likely to deceive the public in that it misleads the public into thinking that there is an affiliation between Plaintiff and the Defendants, and/or that Plaintiff endorses the Defendants' products and/or business practices.

89. As a direct, proximate, and foreseeable result of Defendants' wrongful conduct, as alleged above, numerous members of the public purchased products without realizing that products bearing the Infringing Marks were not affiliated with Plaintiff.

90. Plaintiff is entitled to relief, including full restitution and/or disgorgement of all revenues, earnings, profits, compensation, and benefits that may have been obtained by Defendants as a result of such business acts or practices.

/ / /

/ / /

91. Plaintiff is informed and believes and thereon alleges that Defendants' improper and unlawful acts as alleged herein constitute unfair, deceptive, untrue, and misleading advertising.

92. By reason of the conduct alleged herein, Defendants are guilty of malice, oppression, and willful disregard of the rights of Plaintiff.

93. Defendants' unlawful, unfair, deceptive, and fraudulent business practices and unfair, deceptive, untrue, and misleading advertising constitute despicable, outrageous, oppressive, and malicious conduct under California Civil Code § 3294 and justify an award of exemplary and punitive damages against Defendants.

94. As a direct and proximate cause of Defendants' wrongful conduct, Plaintiff has sustained and will sustain injury to its business and property in an amount not yet precisely ascertainable, but which includes the loss of sales, diminution in value of its trademarks, and loss of reputation and goodwill.

**SEVENTH CAUSE OF ACTION**

**UNJUST ENRICHMENT**

**AS AGAINST ALL DEFENDANTS**

95. Plaintiff re-alleges the paragraphs set forth above and incorporates them here by reference.

96. By engaging in the conduct described in this Complaint, Defendants have been unjustly enriched by their sale of apparel and accessories bearing marks identical to, or confusingly similar with, Plaintiff's KAB Trademarks, inducing consumers to purchase Defendants' products.

97. As a proximate result of Defendants' unlawful, fraudulent, and unfair conduct, Defendants have obtained revenues by which they became unjustly enriched at Plaintiff's expense. Under the circumstances alleged herein, it would be unfair and inequitable for Defendants to retain any income, profits or goodwill they have unjustly obtained at the expense of Plaintiff.

/ / /

98. Accordingly, Plaintiff seeks an order establishing Defendants as constructive trustees of the profits that served to unjustly enrich them, together with interest during the period which Defendants have retained such funds, and requiring Defendants to disgorge those funds to Plaintiff.

**EIGHTH CAUSE OF ACTION**

**INDIVIDUAL LIABILITY PIERCING THE CORPORATE VEIL**

**(ALTER EGO, FAILURE TO OBSERVE CORPORATE FORMALITIES, COMMINGLING ASSETS, INADEQUATE CAPITALIZATION)**

99. Plaintiff re-alleges the paragraphs set forth above and incorporates them here by reference.

100. Defendant Seven Group is an entity of form unknown, with its principal place of business at 333 1st Street, 2nd Floor, San Francisco, California 94105.

101. Defendant Adam Shryock is an individual whose most recently known residence is 335 1st Street, Unit 1706, San Francisco California 94105.

102. On information and belief, Plaintiff alleges Shryock is, and at all times herein mentioned was, the owner of all interest in the entity known as Seven Group .

103. On information and belief, Plaintiff alleges Shryock manages the day to day business operations of an entity purporting to be Seven Group.

104. There exists, and at all times herein mentioned there existed, a unity of interest and ownership between Shryock and the entity Seven Group, such that any individuality and separateness between Shryock and Seven Group have ceased, and the entity is the alter ego of Shryock.

105. Defendant Seven Group is, and at all time herein mentioned was, controlled, dominated, and operated by Shryock as his individual business and alter ego, in that the activities and business of the Defendant entity were carried out without the holding of directors' or shareholders' meetings, no records or minutes of any corporate proceedings were maintained, and Shryock entered into transactions under the guise of Seven Group, holding himself out as a separate corporate entity.

106. Defendant Seven Group is, and at all times herein mentioned was, so inadequately capitalized that, compared with the business to be done and the risks of loss, its capitalization was illusory.

107. Defendant Seven Group is, and at all time herein mentioned was, a mere shell and sham without capital, assets, stock or stockholders. Defendant Seven Group was conceived, intended and used by Shryock as a device to avoid individual liability and for the purpose of substituting a financially insolvent corporate entity in his place. At no time after Defendant Seven Group was created was any stock authorized to be issued or issued, nor had any permit for issuance of stock been applied for.

108. Adherence to the fiction of the separate existence of the Defendant Seven Group, as an entity distinct from the Shryock, would permit an abuse of the corporate privilege in that injustice would go without liability. Shryock has created this corporate structure to avoid his duties to the consuming public and to shelter his wrongdoings from judicial or administrative oversight.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests this court:

1. Enter judgment in favor of Plaintiff on all causes of action;
2. Issue temporary and permanent injunctive relief against Defendants and that Defendants, their officers, agents, representatives, employees, attorneys, successors, assigns, affiliates and any persons in active concert or participation with any of them, be enjoined and restrained from infringing the KAB Trademarks, including the I LOVE BOOBIES logo; the I (HEART) BOOBIES! logo; and the HEART & BRESTS® Trademark;
3. Order Defendants to file with the Court and serve on Plaintiff, within thirty days after issuance, an injunction a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction, pursuant to 15 U.S.C. § 1116;

4. Order Defendants to account to Plaintiff for, and disgorge to Plaintiff, all profits they have derived as a result of the unlawful acts complained of above;
5. Award Plaintiff actual damages sustained by Defendants' trademark infringement, trebled under 15 U.S.C. § 1117, in an amount to be proved at trial;
6. Find this case to be exceptional and award Plaintiff its attorneys' fees pursuant to 15 U.S.C. § 1117;
7. Award Plaintiff additional actual damages and Defendants' profits in an amount to be proven at time of trial;
8. Award Plaintiff additional punitive damages as authorized by law;
9. Award Plaintiff costs and prejudgment interest on all damages;
10. Award Plaintiff its attorneys' fees;
11. Award Plaintiff such other and further relief as the court deems appropriate; and
12. Order that Defendants are jointly and severally liable for all damages awarded.

Dated: March 22, 2011

**COAST LAW GROUP, LLP**

By: s/ David A. Peck

DAVID A. PECK, ESQ.
Attorneys for Plaintiff
KEEP A BREAST FOUNDATION
Email: DPeck@CoastLawGroup.com

**DEMAND FOR JURY TRIAL**

Plaintiff KEEP A BREAST hereby demands trial of this matter by jury.

Dated: March 22, 2011

**COAST LAW GROUP, LLP**

By: s/ David A. Peck
DAVID A. PECK, ESQ.
Attorneys for Plaintiff
KEEP A BREAST FOUNDATION
Email: DPeck@CoastLawGroup.com