FILED
JUL 2 8 2011
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY             DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEEP A BREAST FOUNDATION,<br><br>                              Plaintiff,<br><br>vs.<br><br>THE SEVEN GROUP, et al.,<br><br>                              Defendants. | CASE NO. 11-cv-00570 BEN (WMc)<br><br>ORDER:<br><br>(1) GRANTING IN PART DEFENDANTS' PARTIAL MOTION TO DISMISS<br><br>(2) DENYING DEFENDANTS' MOTION FOR A MORE DEFINITE STATEMENT<br><br>[Docket No. 6] |

Presently before the Court is Defendants Adam Shryock and Pure Savings, LLC's Partial Motion to Dismiss the Complaint or, in the Alternative, Motion for a More Definite Statement. (Docket No. 6.) For the reasons set forth below, the Court **GRANTS IN PART** Defendants' Partial Motion to Dismiss. The second claim is dismissed without prejudice, and the sixth claim remains. The Court **DENIES** Defendants' Motion for a More Definite Statement.

### BACKGROUND

Plaintiff Keep a Breast Foundation is a non-profit organization. (Compl. ¶ 1.) Plaintiff owns the "Keep a Breast" trademark (Reg. No. 3148275) and the "Heart & Breasts" trademark (Reg. No. 3870574). (*Id.* ¶ 18.) Plaintiff also has pending three federal trademark applications for the "Heart & Breast" design, two federal trademark applications for the "I Love Boobies" word mark, and several federal trademark applications for various designs of "I (Heart) Boobies." (*Id.*) Plaintiff sells goods

bearing these trademarks at various retail locations throughout the United States and on Plaintiff's website. (*Id.* ¶ 22.)

Plaintiff alleges that "Defendants have offered for sale, continue to offer for sale, and sell apparel products and accessories that bear confusingly similar imitations of the Plaintiff's registered HEART & BREASTS ® design trademark, the I LOVE BOOBIES! trademark applications, and I (HEART) BOOBIES design trademark applications." (*Id.* ¶ 3.) In addition, Plaintiff alleges that "Defendants have adopted the overall look and feel of products being sold bearing [Plaintiff's] Trademarks." (*Id.* ¶ 5.) "Defendants' merchandise is likely to cause confusion and to deceive consumers and the public regarding its source and dilutes and tarnishes the distinctive quality of Plaintiff's trademarks and trade dress." (*Id.* ¶ 3.)

On March 22, 2011, Plaintiff filed a complaint, which alleged: (1) federal trademark infringement under 15 U.S.C. § 1114; (2) federal trade dress infringement under 15 U.S.C. § 1125(a); (3) federal trademark dilution under 15 U.S.C. § 1125(c); (4) unfair competition under the Lanham Act, 15 U.S.C. § 1125(a); (5) trademark dilution under California law; (6) California Unfair Competition violations; (7) unjust enrichment; and (8) individual liability piercing the corporate veil (alter ego, failure to observe corporate formalities, commingling assets, and inadequate capitalization). Presently before the Court is Defendants Adam Shryock and Pure Savings, LLC's Partial Motion to Dismiss the Complaint or, in the Alternative, Motion for a More Definite Statement. Being fully briefed, the Court finds the Motion suitable for determination on the papers without oral argument, pursuant to Civil Local Rule 7.1.d.1.

## DISCUSSION

### I.  MOTION TO DISMISS

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is appropriate if, taking all factual allegations as true, the complaint fails to state a plausible claim for relief on its face. FED. R. CIV. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–57 (2007). Under this standard, dismissal is appropriate if the complaint fails to state enough facts to raise a reasonable expectation that discovery will reveal evidence of the matter complained of, or if the complaint lacks a cognizable legal theory under which relief may be granted. *Id.* at 556.

Defendants move to dismiss the second and sixth claims. Each of these claims will be addressed in turn.

### A. Second Claim: Federal Trade Dress Infringement Under 15 U.S.C. § 1125(a)

In its second claim, Plaintiff alleges that "Defendants manufacture, distribute, advertise, offer for sale, and/or sell apparel product and accessories with a trade dress that is identical or substantially similar to the Plaintiff's trade dress," in violation of the Lanham Act § 43(a), 15 U.S.C. § 1125(a). (Compl. ¶¶ 61–63.) Plaintiff argues that the trade dress infringement claim should be dismissed because Plaintiff fails to plead the elements of the claim with specificity.

"[T]rade dress involves the total image of a product and may include features such as size, shape, color, color combinations, texture, or graphics." *Vision Sports, Inc. v. Melville Corp.*, 888 F.2d 609, 613 (9th Cir. 1989) (internal quotation marks omitted). To state a claim for trade dress infringement under § 43 of the Lanham Act, one must allege that the trade dress is (1) nonfunctional, (2) either "inherently distinctive or [has] acquired distinctiveness through a secondary meaning," and (3) likely to be confused with Defendants' products by the consuming public. *Disc Golf Ass'n, Inc. v. Champion Discs, Inc.*, 158 F.3d 1002, 1005 (9th Cir. 1998).

"A plaintiff should clearly articulate its claimed trade dress to give a defendant sufficient notice." *Sleep Sci. Partners v. Lieberman*, 2010 WL 1881770, at *3 (N.D. Cal. May 10, 2010). Here, Plaintiff alleges only that "the Defendants have adopted the overall look and feel of products being sold bearing [Plaintiff's] Trademarks." (Compl. ¶ 5.) Plaintiff does not describe, or even list, the elements that compose the "overall look and feel" of their products. Defendants have not been sufficiently put on notice of the trade dress at issue. *Cf. Sleep Sci. Partners*, 2010 WL 1881770, at *3 (finding that the plaintiff did not provide "an adequate definition of the elements comprising the website's 'look and feel,'" because "[a]lthough it has cataloged several components of its website, Plaintiff has not clearly articulated which of them constitute its purported trade dress"); *Autodesk, Inc. v. Dassault Sys. SolidWorks Corp.*, 2008 WL 6742224, at *5 (N.D. Cal. Dec. 18, 2008) (finding that the defendant "must provide more detail and clarify the total appearance of the product that [the defendant] claims is the trade dress at issue").

Plaintiff argues that it has sufficiently identified its proposed trade dress, pointing to the allegation that "the Defendants have adopted the overall look and feel of products being sold bearing [Plaintiff's] Trademarks." (Compl. ¶ 5.) Plaintiff cites *Blue Bell Bio-Med. v. Cin-Bad, Inc.*, 864 F.2d 1253, 1256 (5th Cir. 1989), for the proposition that "[a] product's overall 'look and feel' has been held to constitute trade dress." (Pl. Opp. at 4–5.). It is true that a product's overall "look and feel" can constitute trade dress. *Blue Bell Bio-Med.*, 864 F.2d at 1256. That "look and feel" can constitute trade dress, however, does not address the required specificity with which a product's "look and feel" must be alleged.

Because the Court finds that Plaintiff has not sufficiently described its proposed trade dress, it need not reach whether Plaintiff sufficiently pled the elements of likelihood of confusion or distinctiveness/secondary meaning. Accordingly, Defendants' motion to dismiss the second claim is **GRANTED**. The second claim is dismissed without prejudice.

### B. Sixth Claim: California Unfair Competition Violations

In its sixth claim, Plaintiff alleges that "Defendants' intentional acts of trademark and trade dress infringement are unlawful, deceptive, and/or unfair business acts and/or practices that constitute unfair competition under California state law," including California Business & Professions Code §§ 17200 *et seq*. (Compl. ¶¶ 86, 87.) In addition, Plaintiff alleges that "Defendants' unlawful, unfair, deceptive, and fraudulent business practices and unfair, deceptive, untrue, and misleading advertising constitute despicable, outrageous, oppressive, and malicious conduct under California Civil Code § 3294." (*Id.* ¶ 93.)

Defendants argue that "[s]ince the California state unfair competition claim is predicated on Plaintiff's Federal Trademark Infringement and Federal trade Dress claims, the California state unfair competition [claim] is preempted." (Def. Mot. at 6.) Plaintiff's trade dress claim has been dismissed without prejudice, as explained above. The issue, therefore, is whether the California unfair competition claim may be predicated on the federal trademark infringement claim brought under the Lanham Act.

The Court finds that there is not sufficient authority that the Lanham Act preempts claims brought under California unfair competition law, as "the Lanham Act does not in general preclude state

unfair competition statutes from operating." *Attrezzi, LLC v. Maytag Corp.*, 436 F.3d 32, 41 (1st Cir. 2006); *see also Keebler Co. v. Rovira Biscuit Corp.*, 624 F.2d 366, 373 (5th Cir. 1980) (explaining that the Lanham Act "is cumulative of, and does not preempt, the broader consumer-oriented remedies provided by the common law of unfair competition"), *abrogated on other grounds by Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763 (1992).

In support of the proposition that the California unfair competition claim is preempted by the Lanham Act, Plaintiff cites *Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209, 1212 (9th Cir. 1998), *Experexchange, Inc. v. Doculex, Inc.*, 2009 WL 3837275, at *24 (N.D. Cal. Nov. 16, 2009), and *Capcom Co., Ltd. v. MKR Group, Inc.*, 2008 WL 4661479, at *15 n.10 (N.D. Cal. Oct. 20, 2008). *Kodadek* and *Experexchange*, however, hold that California unfair competition claims are preempted by the Copyright Act, not the Lanham Act. *See Kodadek*, 152 F.3d at 1212 ("A state law cause of action is preempted by the *Copyright Act* if two elements are present. First, the rights that a plaintiff asserts under state law must be rights that are equivalent to those protected by the Copyright Act. Second, the work involved must fall within the subject matter of the Copyright Act as set forth in 17 U.S.C. §§ 102 and 103." (emphasis added) (internal quotation marks and citations omitted)); *Experexchange*, 2009 WL 3837275, at *24 (explaining that although the defendants argued that the plaintiff's claims were preempted by both the Copyright Act and the Lanham Act, because "the Court finds that the state law claims are preempted by the *Copyright Act*, it need not reach the question of preemption under the *Lanham Act*" (emphasis added)).

Plaintiff's reliance on *Capcom* is similarly unconvincing. *Capcom* is an unpublished opinion from outside this district. In *Capcom*, the court discussed whether the defendant's California unfair competition counterclaim was preempted by either the Copyright Act or the Lanham Act in a footnote. The court noted that "[the defendant] does not differentiate under what legal theory it is pursuing the two remaining counterclaims (under copyright or trademark law)." *Capcom*, 2008 WL 4661479, at *15 n.10. The court concluded that whether the defendant were pursuing the counterclaim under either the Copyright Act or the Lanham Act, the result would be the same: The counterclaim would be preempted because "there are no new facts pled under either legal theory as [the defendant] merely incorporates all previous facts." *Id.* In support of its finding that the counterclaim was preempted by

the Lanham Act, the court cited only *Summit Mach. Tool Mfg. Corp. v. Victor CNC Sys., Inc.*, 7 F.3d 1434, 1439, 1441 (9th Cir. 1993). *Summit*, however, held that the plaintiff's California misappropriation claim was preempted by federal *patent law*. *Id.* Taken as a whole, *Capcom* does not sufficiently support the proposition that the California unfair competition claim is preempted by the Lanham Act.

The Court declines to find that Plaintiff's California unfair competition claim is preempted by the Lanham Act. Defendants' motion to dismiss the sixth claim is **DENIED**.

## II. ALTERNATIVE MOTION FOR A MORE DEFINITE STATEMENT

Defendants argue that if the Court denies any part of their motion to dismiss, it should order Plaintiff to provide a more definite statement. In regards to the second claim, Defendants' alternative motion will not be addressed because the Court grants the motion to dismiss as to this claim, as discussed above. In regards to the sixth claim, Defendants request that the Court "order the Plaintiff to provide a more definite statement of the specific wrongful acts supporting that claim." (Def. Mot. at 7.) As explained above, the Court denies Defendants' motion to dismiss the sixth claim because there is insufficient legal authority to support the proposition that the Lanham Act preempts California unfair competition claims. This does not concern whether Plaintiff provided sufficient facts in support of its claim. Accordingly, Defendants' motion for a more definite statement is **DENIED**.

## CONCLUSION

For the reasons stated above, the Court **GRANTS IN PART** Defendants' Partial Motion to Dismiss. The second claim is dismissed without prejudice, and the sixth claim remains. Plaintiff is **GRANTED** forty-five (45) days from the date of this Order to file a First Amended Complaint.

The Court **DENIES** Defendants' Motion for a More Definite Statement.

**IT IS SO ORDERED.**

DATED: July 28, 2011

HON. ROGER T. BENITEZ
United States District Court Judge